IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**MICHAEL ALLEN KOKOKSI,**

    **Petitioner,**

v.                                        Case No. 5:06-cv-00629

**CHARLES T. FELTS, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action for habeas corpus relief, filed pursuant to the provisions of 28 U.S.C. § 2241. Pro se Petitioner, Michael Allen Kokoski, is incarcerated at FCI Beckley, West Virginia. This case is assigned to the Honorable Thomas E. Johnston, United States District Judge and it is referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Petitioner paid the $5.00 filing fee on August 24, 2006 (docket sheet document # 4).

## PROCEDURAL HISTORY

On July 27, 1994, Petitioner pled guilty to one count of employing a person under eighteen years old to distribute LSD in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1). United States v. Kokoski, 5:92-cr-0090 (S.D. W. Va.) Petitioner's sentencing in

that matter was delayed while the presiding District Judge considered whether Petitioner was competent. See United States v. Kokoski, 865 F. Supp. 325 (S.D. W. Va. 1994). Petitioner was found competent and, on September 19, 1994, the presiding District Judge sentenced Petitioner to 144 months in prison, followed by a six year term of supervised release, and also assessed a $5,000 fine.

Plaintiff appealed his sentence to the United States Court of Appeals for the Fourth Circuit, challenging the District Court's competency determination and denial of credit for acceptance of responsibility. The Fourth Circuit affirmed the District Court's judgment, and the Supreme Court subsequently denied Petitioner's petition for a writ of certiorari. See United States v. Kokoski, 83 F.3d 411, 1996 WL 181482 (4th Cir.(W. Va.)), cert. denied, 519 U.S. 892 (Oct. 7, 1996).

Petitioner was subsequently charged with escape in violation of 18 U.S.C. § 751(a), for escaping from FCI Beckley. United States v. Kokoski, 5:96-cr-00064 (S.D. W. Va.)(Chambers, J.) Petitioner pled guilty to the escape charge and was sentenced to 37 months in prison, which was to run consecutive to[1] his earlier

---

[1] On page 14 of Petitioner's petition, he states that the district court ordered the escape sentence to run concurrent with his earlier sentence. That is not so. The judgment order in Petitioner's escape case states that the sentences are consecutive. Subsequent proposed findings and recommendations submitted in Petitioner's post-conviction proceedings did state that the sentences were concurrent, but that was a typographical error that went uncorrected. Such an error does not supersede the criminal judgment orders.

sentence, followed by a three-year term of supervised release. (Id., Judgment in a Criminal Case, # 92).

Petitioner appealed his sentence on that charge to the Fourth Circuit, alleging that the District Court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1, because his escape was not a "crime of violence," and that he was entitled to a downward adjustment under U.S.S.G. § 2P1.1(b)(3), because his escape was non-violent. The Fourth Circuit affirmed the District Court's judgment on December 19, 2000, and the Supreme Court denied certiorari on April 23, 2001. See United States v. Kokoski, 238 F.3d 416, 2000 WL 1853389 (4th Cir.(W.Va.)), cert. denied, 532 U.S. 999 (2001).

On October 11, 2001, the District Court authorized Petitioner's filing of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in 5:92-cr-00090, even though the motion was filed beyond the time allowed for doing so. The section 2255 motion was assigned Case No. 5:01-cv-00944. (See # 194 in 5:01-cv-0944.) The presiding District Judge denied Petitioner's section 2255 motion by Order entered on October 21, 2003. (# 253 in 5:01-cv-00944.) Petitioner appealed that order, and in March, 2004, the Fourth Circuit denied him a certificate of appealability and affirmed the District Court's decision. Kokoski v. United States, 90 Fed.Appx. 54 (4th Cir. (W. Va.), Mar 19, 2004), cert. denied, 543 U.S. 938 (2004).

3

The undersigned finds that the factual basis for the claims which Petitioner raises in the instant case is similar, if not identical, to that underlying his claims for relief under 28 U.S.C. § 2255 in Kokoski v. United States, 5:01-cv-00944.

On January 28, 2002, the Court received documents transferred from the Western District of Washington, Seattle Division, among which was Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  The action was styled Kokoski v. United States, 5:02-cv-00079.  The District Court for the Western District of Washington construed Petitioner's Petition as filed under 28 U.S.C. § 2255.  The undersigned determined that Petitioner was seeking relief under section 2255 with respect to his sentence in 5:96-cr-00064.  The District Court denied the motion/petition by Order entered on March 15, 2005. (# 139 in 5:02-cv-00079).  Petitioner appealed that Order to the Fourth Circuit.  On March 30, 2006, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal.  Kokoski v. United States, 173 Fed. Appx. 263, 2006 WL 871107, (W. Va.), Mar. 30, 2006).  (# 175 in 5:02-cv-00079).

Petitioner has two further matters pending in this Court: Kokoski v. Norwood, 5:05-cv-00823, assigned to District Judge Chambers, and Kokoski v. Norwood, 5:05-cv-00849, assigned to Chief Judge Faber.  The first (5:05-cv-00823) was initially filed in the Central District of California, construed as a section 2255 motion,

4

and transferred to this District for further proceedings. The factual basis for Petitioner's claims in 5:05-cv-00823 is similar to that underlying his claims in the instant case and in 5:01-cv-00944. In 5:05-cv-00849, Petitioner filed a Civil Rights Complaint for Money Damages against Mr. Norwood individually, and in his official capacity as Warden of the facility in which Petitioner was incarcerated in the Central District of California, claiming conduct which resulted in denial of access to the courts and retaliation when Petitioner engaged in constitutionally protected conduct.

## ANALYSIS

The instant section 2241 petition amounts to a request for collateral review of Petitioner's conviction and sentence, and in view of the section 2255 proceedings previously conducted in Kokoski v. United States, 5:01-cv-00944, it must be deemed to constitute a successive petition without certification by the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3). Under these circumstances, this court has no jurisdiction to consider Petitioner's claims, and this action must be dismissed.

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255

5

proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned has carefully examined Petitioner's Petition for Writ of Habeas Corpus and has concluded that it plainly appears that Petitioner is not entitled to relief in this case. Petitioner continues to claim

that his conviction and sentence are unconstitutional because of an allegedly invalid search warrant. Petitioner raised similar claims in <u>Kokoski v. United States</u>, 5:01-cv-00944. Petitioner unsuccessfully appealed the District Court's decision denying him relief on those claims through the United States Supreme Court, and that matter is now concluded.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's petition in the instant case must be regarded a successive Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. As such, the District Court is without jurisdiction to consider Petitioner's petition because Petitioner has not obtained certification to file a successive petition from the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3).[2]

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (# 1) and **DISMISS** this matter from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

---

[2] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

   August 25, 2006
         Date

Mary E. Stanley
United States Magistrate Judge